IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JON T. MCBRIDE,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DISAGREEMENT WITH THE TAX LAWS OF THE UNITED STATES<br><br>Case No. 1:13-CR-27 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Preclude Defendant from Introducing Evidence of Disagreement with the Tax Laws of the United States.[1]

The government seeks to exclude Defendant from presenting (1) evidence of the Defendant's views of the legality and proper interpretation of U.S. tax law, and (2) evidence that Defendant held a good-faith belief that the Internal Revenue Code did not apply to him and that his conduct was legal.

The government asserts that Defendant has represented to the IRS various arguments about U.S. tax law. Specifically, the government contends that Defendant may seek to introduce at trial evidence of Defendant's view that money received from various limited liability companies and from private real estate transactions is not considered income for purposes of tax liability. Rather, in Defendant's view, only money received from federal government entities is taxable. The government contends that evidence demonstrating Defendant's views of U.S. tax

---

[1] Docket No. 56.

1

law should be excluded under Federal Rule of Evidence 403, because presenting evidence containing improper statements of law would confuse and mislead the jury.

Defendant explains that he intends to introduce evidence demonstrating his belief that his wages were not considered to be income and that he was not required to pay income tax under U.S. tax law. Defendant also explains that it does not plan to argue that provisions of the tax code are unconstitutional.

Federal Rule of Evidence 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

"'[I]t is well established that the good faith defense encompasses misunderstanding of the law,' [but] does not encompass 'disagreement with the law.'"[2] "[A] defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and if they are, an instruction to disregard them would be proper."[3] "[A] person who has a good faith belief that under the tax law he is not required to file any return, is to be distinguished from the person who knows that under the applicable tax law he is required to file a return, but believes, even in good faith, that the law is unconstitutional."[4] "[N]either a defendant's

---

[2] *United States v. Lesoon*, 190 F. App'x 622, 625 (10th Cir. 2006) (quoting *United States v. Schiff*, 801 F.2d 108, 112 (2d Cir. 1986)).

[3] *Cheek v. United States*, 498 U.S. 190, 207 (1991).

[4] *United States v. Payne*, 800 F.2d 227, 228 (10th Cir. 1991) (emphasis omitted).

disagreement with the law, nor his belief that such law is unconstitutional no matter how earnestly held constitute a defense of good faith misunderstanding or mistake."[5]

To the extent that Defendant seeks to present a good-faith defense based upon his belief that certain U.S. tax laws are unconstitutional or based upon his disagreement with the tax law, well-established precedent prevents him from doing so.

Evidence demonstrating that Defendant held a good-faith misunderstanding of the proper interpretation of the tax code, however, would be probative of a good-faith defense to the charged offenses. But if, at trial, Defendant presents evidence of his purported good-faith misunderstanding of the tax code that appears to stem from Defendant's disagreement with the law, the danger of confusing and misleading the jury would substantially outweigh the probative value of such evidence. Consequently, the Court finds that only evidence carefully limited to Defendant's good-faith misunderstanding of U.S. tax law is admissible, while evidence indicating Defendant's disagreement with U.S. tax law is inadmissible. Should Defendant bring such evidence to establish a good-faith defense, the Court notes that the government would be permitted to bring rebuttal evidence in an attempt to demonstrate Defendant's willfulness.

It is therefore

ORDERED that the government's Motion in Limine to Preclude Defendant from Introducing Evidence of Disagreement with the Tax Laws of the United States (Docket No. 56) is GRANTED IN PART AND DENIED IN PART.

---

[5] *United States v. Ware*, 608 F.2d 400, 405 (10th Cir. 1979).

DATED this 9th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge