IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JON T. MCBRIDE,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE OF SCOTT NEWELL'S TAX COURT CASE<br><br>Case No. 1:13-CR-27 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Preclude Defendant from Introducing Evidence of Scott Newell's Tax Court Case.[1]

The government argues that Defendant should not be permitted to introduce evidence concerning Scott Newell's separate Tax Court case because, under Federal Rule of Evidence 403, the evidence would confuse the issues, mislead the jury, cause undue delay, and waste the Court's and the jury's time.

Defendant argues that the evidence will assist the jury in determining whether Defendant had a significant tax liability for the years 1999 to 2002 and whether Defendant evaded payment of that liability—the first and fourth elements of the fifth count charged against Defendant. Defendant also contends that Mr. Newell's case is highly probative because Defendant's tax liability should be identical to Mr. Newell's based on their 50-50 partnership.

---

[1] Docket No. 64.

1

Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[2]

On the one hand, the Court's "responsibility is to apply the law to the facts of the case before us and determine the tax liability of the parties before us; how the Commissioner may have treated other taxpayers has generally been considered irrelevant in making that determination."[3]  Therefore, the Tax Court's judgment concerning Mr. Newell's tax liability— even if based on his 50-50 partnership with Defendant—is not relevant to the jury's determination of the Defendant's tax liability in this case.

On the other hand, evidence of Mr. Newell's tax case is relevant to the extent Defendant presents the evidence to demonstrate that Defendant had a good-faith belief that his conduct was lawful.  Although such evidence poses a danger of misleading the jury as to whether Defendant has a significant tax burden, this danger does not significantly outweigh the evidence's highly probative value.

Based on the foregoing, the government's Motion will be granted in part, insofar as the evidence is presented to challenge whether Defendant had a significant tax obligation for the period 1999 to 2003.  The Motion will be denied in part, to the extent that Defendant seeks to present evidence of Mr. Newell's case for the limited purpose of demonstrating Defendant's good-faith defense.  Admission of this evidence is subject to the government's objection at trial,

---

[2] Fed. R. Evid. 403.

[3] *Davis v. Comm'r*, 65 T.C. 1014, 1022 (1976).

should Defendant seek to present evidence of Mr. Newell's case for a purpose other than to demonstrate Defendant's good-faith defense.

It is therefore

ORDERED that the government's Motion in Limine to Preclude Defendant from Introducing Evidence of Scott Newell's Tax Court Case (Docket No. 64) is GRANTED IN PART AND DENIED IN PART.

DATED this 10th day of September, 2014.

BY THE COURT:

Ted Stewart
United States District Judge