IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JON T. MCBRIDE,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 29 MOTIONS<br><br><br>Case No. 1:13-CR-27 TS<br><br>District Judge Ted Stewart |

Before the Court are issues raised in Defendant's Rule 29 Motions. For the reasons discussed below, the Court will deny Defendant's Motions, but will address the statute-of-limitations issue in the jury instructions.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 29(a) provides,

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

The Court may reserve its decision on the motion if the Court "decide[s] the motion on the basis of the evidence at the time the ruling was reserved."[1] In considering a sufficiency-of-the-evidence challenge, the Court must "review the evidence and its reasonable inferences in the light most favorable to the government" and "determine whether a reasonable jury could find the

---
[1] Fed. R. Crim. P. 29(b).

1

defendant guilty beyond a reasonable doubt."[2] The Court must not "'weigh conflicting evidence or consider witness credibility.'"[3] When presented with a motion under Rule 29, the Court must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.[4]

## II. DISCUSSION

Defendant is charged with five counts of tax-related crimes. Count I charges Defendant with willfully making a false material statement on an income tax return that was signed under penalty of perjury, in violation of 26 U.S.C. § 7206(1). Counts II, III, IV, and V charge Defendant with violating 26 U.S.C. § 7201. Counts II, III, and IV charge Defendant with willfully attempting to evade or defeat the assessment of income taxes due and owing by him to the United States of America for tax years 2006, 2007, and 2009, respectively. Count V charges Defendant with willfully attempting to evade or defeat the payment of his income taxes due and owing by him to the United States of America for tax years 1999, 2000, 2001, and 2002.

First, Defendant seeks dismissal of either Counts II, III, and IV, or dismissal of Count V because the government relies on the same affirmative acts of evasion for Counts II, III, and IV and for Count V. This Court has previously found that a single affirmative act could be

---

[2] *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)).

[3] *Id.* (quoting *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002)).

[4] *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001).

committed to evade tax obligations from multiple years.⁵ The Tenth Circuit has also permitted the government to charge multiple counts based on a single affirmative act that relates to evading multiple years of taxes.⁶ Here, the government has charged Defendant in Count V with evading payment of taxes in tax years 1999 to 2002. Counts II, III, and IV charge Defendant with evading assessment of taxes in tax years 2006, 2007, and 2009. These Counts are not multiplicitous simply because they arise from certain affirmative acts applicable to multiple years. The government has not charged Defendant with evading assessment of taxes for the same year that Defendant is charged with evading the payment of taxes. Rather, the government has properly charged Defendant in separate counts for allegedly violating separate years' tax obligations. Having done so, the Court finds the government may rely on the same affirmative acts to support these separate charges.

Second, Defendant argues that the government has not presented evidence that Defendant committed affirmative acts within the statute of limitations period to support Count V. The statute of limitations for § 7201 is six years.⁷ "[A] prosecution under § 7201 is timely if commenced within six years of the last affirmative act of evasion."⁸ Defendant was indicted on March 27, 2013. Defendant therefore correctly argues that the jury must find that he committed an affirmative act on or after March 27, 2007. The government argues, and the Court agrees,

---

⁵ *See United States v. Madsen*, No: 2:09-CR-808, 2013 WL 1284331, at *8 (D. Utah Mar. 26, 2013)

⁶ *See United States v. Thompson*, 518 F.3d 832, 852 (10th Cir. 2008).

⁷ 26 U.S.C. § 6531(2).

⁸ *United States v. Payne*, 978 F.2d 1177, 1179 n.2 (10th Cir. 1992) (collecting cases).

3

that evidence has been presented demonstrating that certain affirmative acts occurring within the limitations period, such as depositing money in nominee bank accounts and filing false tax documents. The Court finds that a rational trier of fact could conclude that these affirmative acts were committed in furtherance of Defendant's intent to evade the payment of the taxes relevant to Count V. Nonetheless, the Court finds it appropriate to instruct the jury that they must find that an affirmative act was committed within the statute of limitations period in order to find Defendant guilty of Count V.

Third, Defendant argues that the government failed to meet its burden to present sufficient evidence to satisfy each element of each Count. The Court will discuss each Count in turn.

A.  COUNT I: FILING FALSE TAX RETURN, 2005

To prove a violation of § 7206(1), the government must show that (1) Defendant signed an income tax return that contained a written declaration that it was made under the penalties of perjury, (2) the return contained a false statement, (3) Defendant knew that the statement was false, (4) Defendant acted willfully, and (5) the statement was material.[9] The word "willfully" in this context means a voluntary and intentional violation of a known legal duty.[10] To prove willfulness, the government must show that (1) the law imposed a duty on the defendant, (2) the defendant knew of that duty, and (3) the defendant voluntarily and intentionally violated that duty.[11] Once the evidence establishes that a tax evasion motive played a role in the defendant's

---

[9] Stipulated Jury Instruction No. 14.

[10] Stipulated Jury Instruction No. 19.

[11] *Id.*

4

conduct, willfulness can be inferred from that conduct.[12] A statement is material if it concerned a matter necessary to the correct computation of taxes owed and was capable of influencing the decision of the Internal Revenue Service.[13]

*1.  Signed a Tax Return Under Penalty of Perjury*

The government presented a Form 1040 U.S. Individual Income Tax Return and a Form 1040X Amended U.S. Individual Income Tax Return—both filed for tax year 2005 and signed under penalty of perjury by Defendant.

*2.  False Statement*

The government presented evidence of unreported income on Defendant's Form 1040 and Form 1040X, including the Schedule K-1 issued by the Clip Company, reflecting a distribution of $109,785 to Defendant.

*3.  Knowledge of Falsity*

The Form 1040X presented by the government, and prepared by Defendant, includes a note wherein Defendant indicates that he was aware of the Schedule K-1 issued to Defendant by the Clip Company. A rational trier of fact could find that Defendant's note indicates knowledge of the Schedule K-1, and consequently, indicates Defendant's knowledge of the falsity of his failure to report those earnings as income.

*4.  Willfulness*

A rational trier of fact could find that a tax evasion motive played a role in Defendant's conduct and that Defendant therefore acted willfully, based on, among other things, the

---

[12] Plaintiff's Proposed Jury Instruction No. 1.

[13] Stipulated Jury Instruction No. 17.

government's evidence indicating that Defendant was aware that his beliefs about tax law have been rejected by the courts and tax experts, Defendant's reliance on various LLCs and bank accounts to protect his assets from the IRS, and Defendant's failure to report the $109,785 distribution he received from the Clip Company.

   5.   *Materiality*

The Clip Company's Schedule K-1 presented by the government indicates that Defendant failed to report at least $109,785 for tax year 2005. A rational trier of fact could conclude that this amount is material, because the Clip Company's distribution of funds to Defendant was necessary to compute Defendant's personal tax liability and was capable of influencing the IRS's calculations thereof.

B.   COUNT II: EVASION OF ASSESSMENT, 2006

To prove a violation of § 7201, the government must show that Defendant (1) owed substantial income tax in addition to the tax liability which he reported on his income tax return; (2) intended to evade and defeat the assessment of a tax; (3) committed at least one affirmative act in furtherance of this intent; and (4) acted willfully, that is, with the voluntary intent to violate a known legal duty.[14] Section 7201's requirement that Defendant acted willfully is governed by the same standard applicable to crimes under § 7206(1).[15]

   1.   *Substantial Income Tax*

The government presented the Form 1040 U.S. Individual Income Tax Return filed by Defendant for tax year 2006, in which Defendant claimed $0 of income. The government also

---

[14] Stipulated Jury Instruction No. 20.

[15] Stipulated Jury Instruction No. 25.

presented evidence indicating that, for example, Defendant received two distributions from Merrill Lynch, and one distribution from the Clip Company via Defendant's LLC, Ho Hsing Plastics Industries, LLC ("Ho Hsing"). The government's evidence indicates that the amounts distributed to Defendant were $5,131.28, $22,116.80, and $29,063. The government also presented evidence concerning Defendant's attempt to protect from the IRS the proceeds Defendant received from selling his property in Bear Lake, Utah. The Court finds that a rational trier of fact could find that Defendant owed substantial income tax in addition to the liability he reported.

    2.    *Intent*

The government has presented evidence that would permit a rational trier of fact to find that Defendant intended to evade the assessment of taxes for tax year 2006 by, for example, claiming $0 of income on his Form 1040 despite receiving significant sums of money from Merrill Lynch, the Clip Company, and the sale of his Bear Lake property, and transferring the deed to his Bear Lake property shortly before selling the property.

    3.    *Affirmative Act*

The government has presented evidence that would permit a rational trier of fact to find that Defendant committed affirmative acts in furtherance of an intent to evade the assessment of taxes. For example, the government presented evidence that Defendant opened bank accounts and used LLCs to protect his assets from the IRS, did not report gains from the sale of his Bear Lake property, failed to report distributions from Merrill Lynch and the Clip Company on his tax return, and transferred the deed to his Bear Lake property shortly before selling the property.

7

### 4. *Willfulness*

As discussed above, a rational trier of fact could find Defendant acted willfully, based on, among other things, Defendant's awareness that his beliefs about tax law have been rejected by the courts and tax experts, and Defendant's use of LLCs and bank accounts to protect his assets from the IRS. A rational trier of fact could also infer that Defendant acted willfully by concluding that a tax evasion motive played a role in Defendant's failure to report the sale of his Bear Lake property and distributions from Merrill Lynch and the Clip Company, and from his transfer of the Bear Lake property's deed shortly before the property's sale.

## C. COUNT III: EVASION OF ASSESSMENT, 2007

### 1. *Substantial Income Tax*

The government presented evidence indicating that Defendant did not file a Form 1040 U.S. Individual Income Tax Return for tax year 2007, or a Form 1065 U.S. Return of Partnership Income on behalf of Ho Hsing, but did file a Form 1065 U.S. Return of Partnership Income on behalf of another of Defendant's LLCs, Mainstar Electric Company, Ltd. Co. ("Mainstar"), on which Defendant claimed $0 of income. The government presented evidence showing that the Clip Company issued a Schedule K-1 reflecting a distribution to Ho Hsing for $44,323. The government also presented evidence that Cliphanger, LLC ("Cliphanger") issued a Schedule K-1 reflecting a distribution to Mainstar for $267,445. The Court finds that a rational trier of fact could find that Defendant owed substantial income tax in addition to the liability he reported.

### 2. *Intent*

The government has presented evidence that would permit a rational trier of fact to find that Defendant intended to evade the assessment of taxes for tax year 2007 by, for example,

claiming to have $0 of income despite receiving distributions of significant sums of money from the Clip Company via Ho Hsing, and from Cliphanger via Mainstar.

    3.    *Affirmative Act*

The government has presented evidence that would permit a rational trier of fact to find that Defendant committed affirmative acts in furtherance of an intent to evade the assessment of taxes. For example, the government presented evidence that Defendant opened bank accounts and used LLCs to protect his assets from the IRS, and filed a tax return for Mainstar without reporting a $267,445 distribution from Cliphanger.

    4.    *Willfulness*

As discussed above, a rational trier of fact could find Defendant acted willfully, based on, among other things, Defendant's awareness that his beliefs about tax law have been rejected by the courts and tax experts, and Defendant's use of LLCs and bank accounts to protect his assets from the IRS. A rational trier of fact could also infer that Defendant acted willfully by concluding that a tax evasion motive played a role in Defendant's failure to report income on Mainstar's tax return and Defendant's failure to file tax returns for himself and Ho Hsing.

D.    COUNT IV: EVASION OF ASSESSMENT, 2009

    1.    *Substantial Income Tax*

The government presented the Form 1040 U.S. Individual Income Tax Return filed by Defendant for tax year 2009, in which Defendant claimed $0 of income from Cliphanger, supported by a handwritten corrected 1099-MISC. The government also presented evidence indicating that Cliphanger issued a 1099-MISC reflecting a distribution to Defendant for
9

$124,020.  The Court finds that a rational trier of fact could find that Defendant owed substantial income tax in addition to the liability he reported.

    *2.    Intent*

The government has presented evidence that would permit a rational trier of fact to find that Defendant intended to evade the assessment of taxes for tax year 2009 by, for example, claiming to have $0 of income from Cliphanger despite receiving a distribution of a significant sum of money from Cliphanger.

    *3.    Affirmative Act*

The government has presented evidence that would permit a rational trier of fact to find that Defendant committed affirmative acts in furtherance of an intent to evade the assessment of taxes.  For example, the government presented evidence that Defendant opened bank accounts and used LLCs to protect his assets from the IRS, and filed a tax return without reporting significant funds received from Cliphanger.

    *4.    Willfulness*

As discussed above, a rational trier of fact could find Defendant acted willfully, based on, among other things, Defendant's awareness that his beliefs about tax law have been rejected by the courts and tax experts, and Defendant's use of LLCs and bank accounts to protect his assets from the IRS.  A rational trier of fact could also infer that Defendant acted willfully by concluding that a tax evasion motive played a role in Defendant's failure to report the distribution he received from Cliphanger.

E.     COUNT V: EVASION OF PAYMENT, 1999–2002

   1.     *Substantial Income Tax*

The government presented evidence indicating that, based on the IRS's internal review, Defendant's tax deficiencies for tax years 1999, 2000, 2001, and 2002 was $129,412, $386,514, $148,044, and $175,358, respectively. The Court finds that a rational trier of fact could find that Defendant owed substantial income tax in addition to the liability he reported for each of these years.

   2.     *Intent*

The government has presented evidence that would permit a rational trier of fact to find that Defendant intended to evade the payment of taxes for tax years 1999 through 2002 by, for example, failing to claim large sums of money he received from the Clip Company during those years, as reflected in the government's evidence describing the IRS's deficiency analysis.

   3.     *Affirmative Act*

The government alleges that the affirmative acts committed by Defendant in furtherance of his intent to evade payment of taxes for tax years 1999 through 2002 are largely those same acts that Defendant committed in furtherance of his attempt to evade the assessment of taxes in Counts II, III, and IV. For the same reasons discussed above, the Court finds the government has presented evidence that would permit a rational trier of fact to find that Defendant committed affirmative acts in furtherance of an intent to evade the assessment of taxes.

   4.     *Willfulness*

As discussed above, a rational trier of fact could find Defendant acted willfully, based on, among other things, Defendant's awareness that his beliefs about tax law have been rejected by

the courts and tax experts, and Defendant's use of LLCs and bank accounts to protect his assets from the IRS.

In summary, the government's evidence, when viewed in the light most favorable to the government, supports a finding by a rational finder of fact that Defendant willfully made a false statement on Defendant's 2005 tax return signed under penalty of perjury in violation of 26 U.S.C. § 7206(1), willfully attempted to evade or defeat the assessment of taxes in tax years 2006, 2007, and 2009 in violation of 26 U.S.C. § 7201, and willfully attempted to evade or defeat the payment of taxes in tax years 1999 through 2002.

Based on the foregoing, Defendant's Rule 29 Motions are DENIED.

DATED this 19th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge