IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JON T. MCBRIDE,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER ON LESSER INCLUDED OFFENSE INSTRUCTION<br><br><br>Case No. 1:13-CR-27 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's request for a jury instruction on the offense of wilful failure to file return, supply information, or pay tax in violation of 26 U.S.C. § 7203. For the reasons discussed below, the Court will deny Defendant's request.

## I. BACKGROUND

Defendant is charged in Counts II, III, and IV with willfully attempting to evade or defeat taxes, in violation of 26 U.S.C. § 7201. Section 7201 provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony."

Defendant requests that the jury be instructed that, if it finds Defendant not guilty as to Counts II, III, and IV (or cannot agree on a verdict as to those counts) that it consider whether Defendant is guilty or not guilty of 26 U.S.C. § 7203. Section 7203 states,

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor . . . .

1

## II. DISCUSSION

Federal Rule of Criminal Procedure 31(c)(1) states, "A defendant may be found guilty of . . . an offense necessarily included in the offense charged."[1] "[O]ne offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)."[2]

The Tenth Circuit applies the following four-part test to determine whether a lesser included instruction should be provided:

> First, the defendant must properly request the instruction; second, the elements of the lesser included offense must be a subset of the elements of the charged offense; third, the element required for the greater, charged offense that is not an element of the lesser offense must be in dispute; and fourth, the evidence must be such that the jury could rationally acquit the defendant on the greater offense and convict on the lesser offense.[3]

### A. PROPER REQUEST

Defendant has made a proper request for the requested instruction.[4] Therefore, this factor has been met.

### B. SUBSET OF CHARGED OFFENSE

There is a circuit split as to whether § 7203 is a lesser included offense of § 7201. The Seventh Circuit Court of Appeals has held that § 7203 is not a lesser included offense of § 7201.[5]

---

[1] Fed.R.Crim.P. 31(c)(1).

[2] *Schmuck v. United States*, 489 U.S. 705, 716 (1989).

[3] *United States v. Bruce*, 458 F.3d 1157, 1162 (10th Cir. 2006) (quoting *United States v. Humphrey*, 208 F.3d 1190, 1206 (10th Cir. 2000), *abrogated on other grounds*, *United States v. McCane*, 573 F.3d 1037, 1041 (10th Cir. 2009)).

[4] *See* Docket No. 72.

However, the origins of the Seventh Circuit's rationale is a case analyzing double jeopardy issues arising from simultaneously charging and convicting a defendant with violations of § 7201 and § 7203.[6]

Other circuits have reached a different conclusion, holding that § 7203 is a lesser included offense of § 7201.[7] This conclusion finds support in *Sansone v. United States*.[8] In *Sansone*, the Supreme Court has explained,

> [I]f on the facts of a given case there are disputed issues of fact which would enable the jury rationally to find that, although all the elements of § 7201 have not been proved, all the elements of one or more lesser offenses have been, it is clear that the defendant is entitled to a lesser-included offense charges as to such lesser offense.[9]

"[T]he elements of § 7201 are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax."[10] On the other hand, "§ 7203 makes it a misdemeanor willfully to fail to perform a number of specified acts at the time

---

[5] *See, e.g.*, *United States v. Hassebrock*, 663 F.3d 906, 917 (7th Cir. 2011) (collecting cases).

[6] *United States v. Foster*, 789 F.2d 457 (7th Cir. 1986) (finding crimes under § 7201 and § 7203 to be separate offenses for purposes of double jeopardy); *see also United States v. Becker*, 965 F.2d 383, 391 (7th Cir. 1992) (explaining that it well settled in the Seventh Circuit that § 7203 is not a lesser included offense of § 7201 based on *Foster*'s holding that they are separate offenses for double jeopardy purposes).

[7] *See, e.g.*, *United States v. DeTar*, 832 F.2d 1110, 1113–14 (9th Cir. 1987) (finding that § 7203 defines a lesser included offense of § 7201); *United States v. Minker*, 312 F.2d 632, 635–36 (3d Cir. 1962) (contemplating potential for § 7203 to be a lesser included offense to a § 7201 charge, depending upon the facts at issue); *Foley v. United States*, 290 F.2d 562, 567 (8th Cir. 1961).

[8] 380 U.S. 343 (1965).

[9] *Id.* at 351.

[10] *Id.*

required by law."[11] Section 7201 therefore involves a "willful commission in addition to the willful omissions that make up the list of misdemeanors" constituting a violation of § 7203.[12]

"Where there is, in a § 7201 prosecution, a disputed issue of fact as to the existence of the requisite affirmative commission in addition to the § 7203 omission, a defendant would, of course, be entitled to a lesser-included offense charge based on § 7203."[13] Conversely, however, if a defendant fails to put at issue the existence of the affirmative act necessary to convict under § 7201, then a lesser included offense instruction based on § 7203 would not be appropriate. Also, because both offenses require willfulness, a defendant's good-faith defense—which challenges the government's showing of willfulness—is not sufficient to warrant a lesser included offense instruction.[14]

The *Sansone* Court concluded that, because it was undisputed that the defendant in that case had committed an affirmative act and had only created issues of fact concerning his willfulness, it would not be possible for the jury to find that the defendant had violated § 7203 but had not violated § 7201.[15] As such, the defendant was not entitled to a lesser included offense instruction.[16]

> The only issue at trial was whether petitioner's act was willful. Given this affirmative commission and the conceded tax deficiency, if petitioner's act was willful, that is, if the jury believed, as it obviously did, that he knew that the capital gain on the sale of the property was reportable in 1957, he was guilty of violating both §§ 7201 and 7203. If his act was not willful, he was not guilty of

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *United States v. Benson*, 79 F. App'x 813, 825 (6th Cir. 2003).

[15] *Sansone*, 380 U.S. at 351–52.

[16] *Id.* at 352.

4

violating either § 7201 or § 7203. Thus on the facts of the case, §§ 7201 and 7203 covered precisely the same ground . . . [and] petitioner was not entitled to a lesser-included offense charge based on § 7203.[17]

With this in mind, the Court turns to the third factor it must consider.

C.  ELEMENT IN DISPUTE

To provide a lesser included offense, the Tenth Circuit requires that there be a dispute as to the element of the greater charged offense that is not an element of the lesser offense. Thus, for Defendant to be entitled to an instruction in this case, he must create a factual issue as to the affirmative acts the government has presented in support of each § 7203 count.

Having carefully considered the evidence, the Court finds that Defendant has not put at issue the affirmative acts presented by the government. Rather, like the defendant in *Sansone*, Defendant has focused on whether his actions were willful. As willfulness is a required element under both § 7201 and § 7203, the Court finds that there is no dispute as to the element of the greater charged offense that is not an element of the lesser offense.

D. SUFFICIENCY OF EVIDENCE

Finally, the Tenth Circuit requires that there be sufficient evidence for the jury to reasonably acquit the Defendant on the greater charged offense but convict on the lesser charged offense. For substantially the same reasons, the Court finds that this element has not been met.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's request for a lesser included instruction is DENIED.

---

[17] *Id.*

DATED this 19th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge