IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JON T. McBRIDE,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL<br><br><br>Case No. 1:13-CR-27 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Release Pending Appeal. For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

　　　　On March 27, 2013, the grand jury returned a five-count Indictment against Defendant. Defendant was charged with (1) making a false material statement on a tax return for tax year 2005, (2) willfully attempting to evade or defeat the assessment of taxes for tax year 2006, (3) willfully attempting to evade or defeat the assessment of taxes for tax year 2007, (4) willfully attempting to evade or defeat the assessment of taxes for tax year 2009, and (5) willfully attempting to evade or defeat the payment of taxes for tax years 1999, 2000, 2001, and 2002.

　　　　The Court held a five-day jury trial, beginning on September 15, 2014. The jury returned a guilty verdict as to Counts I–IV, and a not-guilty verdict as to Count V. On March 9, 2015, Defendant was sentenced to 27 months in the custody of the Bureau of Prisons ("BOP"). Defendant was directed to self-surrender to the facility designated by the BOP by May 18, 2015.

## II.  DISCUSSION

Defendant makes his Motion pursuant to 18 U.S.C. § 3143(b)(1).  That provision states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.[1]

The issue here is whether Defendant's appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial.  In making this determination, the Tenth Circuit has adopted a two-step approach.[2]  "First, the court must decide that the appeal raises a 'substantial' question of law or fact.  Second, 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'"[3]  The Court will focus its inquiry on the first prong.

---

[1] 18 U.S.C. § 3143(b)(1).

[2] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

[3] *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).

The Tenth Circuit has defined a substantial question as "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way."[4] "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis . . . ."[5]

Defendant argues that his appeal will include at least two substantial questions: (1) whether the Court should have instructed the jury on the lesser included offenses; and (2) whether the prosecutor's rebuttal arguments deprived Defendant of a fair trial. The Court addressed both issues at length in written decisions.[6] For substantially the same reasons previously stated, the Court finds that neither issue raises a substantial question. Therefore, the Court will deny Defendant's request for release pending appeal.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Release Pending Appeal (Docket No. 136) is DENIED. Defendant is reminded that he must self-surrender at the facility designated by the Bureau of Prisons by May 18, 2015, by 2:00 p.m.

DATED this 14th day of April, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[4] *Id.* (quotation marks and citations omitted).

[5] *Id.*

[6] *See* Docket Nos. 88, 123.

3